IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

HARTFORD CASUALTY INSURANCE
COMPANY,

    Plaintiff,

v.     No. 14-2681

COMANCHE CONSTRUCTION, INC.,
COMANCHE CONSTRUCTION INC. OF
GEORGIA, and SEABRIGHT INSURANCE
COMPANY,

    Defendants.

_____

ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
_____

On July 31, 2014, Plaintiff, Hartford Casualty Insurance Company ("Hartford"), brought this action against Defendants, Comanche Construction, Inc.; Comanche Construction Inc. of Georgia, (collectively, "Comanche"); and Seabright Insurance Company ("Seabright"), seeking a declaratory judgment to determine the parties' relative liability for certain workers' compensation benefits. (D.E. 1-2.) Although originally filed in Dyer County, Tennessee, Chancery Court, Defendants removed the case to this Court on September 4, 2014. (D.E. 1.) Before the Court is Defendants' motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. (D.E. 14.) Plaintiff has responded to the motion, (D.E. 23), and Defendants have filed a reply, (D.E. 26), making the matter ripe for disposition. For the reasons discussed below, the motion is DENIED.

1

## I. Background

The following facts are undisputed unless otherwise noted. On December 3, 2009, Andrea Blackwell and Fredrick Blackwell filed suit in Dyer County, Tennessee, Circuit Court against Comanche on behalf of Robert Blackwell ("Blackwell"). The circuit court action sought damages for injuries Blackwell sustained during a construction accident allegedly resulting from Comanche's negligence. Blackwell, an employee of Ford Construction Company ("Ford"), had been working at a Comanche construction site when the crane he was operating tipped over, causing serious injuries.[1] Hartford, Ford's workers' compensation insurance carrier, filed an intervening complaint and a notice of a subrogation lien to preserve its ability to recover the amount of the benefits it paid Blackwell from a judgment or settlement in the case. *See* Tenn. Code Ann. § 50-6-112.

After some litigation took place, including an interlocutory appeal, *see Blackwell v. Comanche Const., Inc.*, No. W2012-01309-COA-R9CV, 2013 WL 1557599, at *1 (Tenn. Ct. App. Apr. 15, 2013), *appeal denied* (Tenn. Sept. 10, 2013), Hartford filed the present action in chancery court on July 31, 2014, seeking a declaration that Comanche and Seabright, as Comanche's insurer, were responsible for Blackwell's workers' compensation benefits. On August 22, 2014, the parties to the circuit court action executed a settlement agreement, and the court approved the agreement in its order of dismissal. Defendants then removed the instant case to this Court, answered the complaint, and filed the motion for summary judgment currently under consideration.

---

[1] The parties disagree about the exact nature of the relationship between Blackwell, Ford, and Comanche. Plaintiff alleges that Blackwell was Comanche's "borrowed employee" and that he acted under Comanche's direction and supervision at the time of the accident. (Compl. ¶¶ 5–6, D.E. 1-2; Pl.'s Resp. to Defs.' Stat. of Material Facts ¶ 1, D.E. 24.) Comanche disputes these claims. (Answer ¶¶ 5–6, D.E. 9; Mem. of Law in Supp. of Defs.' Mot. for Summ. J. 1–2, D.E. 15.)

## II. Legal Standard

Under Rule 56 of the Federal Rules of Civil Procedure, a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." "A dispute about a material fact is genuine 'if the evidence is such that a reasonable jury could return a verdict for the non-moving party.'" *Smith v. Perkins Bd. of Educ.*, 708 F.3d 821, 825 (6th Cir. 2013) (quoting *Ford v. Gen. Motors Corp.,* 305 F.3d 545, 551 (6th Cir. 2002)). A court's function at the summary judgment stage is not to "weigh the evidence and determine the truth of the matter"; rather, it is "to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *see Bobo v. United Parcel Serv., Inc.*, 665 F.3d 741, 748 (6th Cir. 2012) ("Credibility determinations . . . and the drawing of legitimate inferences from the facts are jury functions, not those of a judge.")

The moving party "has the initial burden of showing the absence of a genuine dispute as to a material fact." *Automated Solutions Corp. v. Paragon Data Sys., Inc.*, 756 F.3d 504, 520 (6th Cir. 2014) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). If the motion is properly supported, "the opposing party must go beyond the contents of its pleadings to set forth specific facts that indicate the existence of an issue to be litigated." *Slusher v. Carson*, 540 F.3d 449, 453 (6th Cir. 2008) (citation omitted). A court must grant summary judgment "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322–23; *see In re Morris*, 260 F.3d 654, 665 (6th Cir. 2001). Finally, although a court does not weigh the evidence at this stage, it "must view all evidence and draw any reasonable inferences therefrom in favor of the

nonmoving party." *Demyanovich v. Cadon Plating and Coatings, L.L.C.*, 747 F.3d 419, 426 (6th Cir. 2014) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986)).

### III.     Analysis

Defendants argue that they "are entitled to summary judgment because . . . Plaintiff's action is barred by the doctrine of res judicata." (Defs.' Mot. for Summ. J. 1, D.E. 14.) According to Comanche and Seabright, the circuit court judgment prevents Hartford from pursuing its claims because the judgment was rendered by a court of competent jurisdiction, it was between the same parties as the instant matter, it involved the same cause of action as the current suit, and it operated as a judgment on the merits. Plaintiff responded by arguing, among other things, that the present case "was explicitly excluded from the settlement of the negligence action." (Pl.'s Resp. and Mem. in Opp'n to Defs.' Mot. for Summ. J. 7, D.E. 23.)

Under the Full Faith and Credit Act, "judicial proceedings . . . shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken." 28 U.S.C. § 1738. This means that "a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Southfield Educ. Ass'n v. Southfield Bd. of Educ.*, 570 F. App'x 485, 488 (6th Cir. 2014) (quoting *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984)). Accordingly, "[r]es judicata requires [this Court] to give the same effect to the Tennessee state court judgment as would another Tennessee state court." *Hutcherson v. Lauderdale Cnty., Tenn.*, 326 F.3d 747, 758 (6th Cir. 2003). Stated differently, Tennessee state law governs the preclusive effect of the judgments of Tennessee courts.

In Tennessee, res judicata, also called claim preclusion, "bars a second suit between the same parties or their privies on the same claim with respect to all issues which were, or could have been, litigated in the former suit." *Long v. Bd. of Prof'l Responsibility of Supreme Court*, 435 S.W.3d 174, 183 (Tenn. 2014) (citations omitted). The rule "promotes finality in litigation, prevents inconsistent or contradictory judgments, conserves judicial resources, and protects litigants from the cost and vexation of multiple lawsuits." *Id.* (citations omitted). A res judicata defense has four elements:

> (1) that the underlying judgment was rendered by a court of competent jurisdiction, (2) that the same parties or their privies were involved in both suits, (3) that the same claim or cause of action was asserted in both suits, and (4) that the underlying judgment was final and on the merits.

*Id.* (citing *Lien v. Couch*, 993 S.W.2d 53, 56 (Tenn. Ct. App. 1998); *Lee v. Hall*, 790 S.W.2d 293, 294 (Tenn. Ct. App. 1990)); *Jackson v. Smith*, 387 S.W.3d 486, 491 (Tenn. 2012). There is no dispute that the Dyer County Circuit Court had jurisdiction over the prior matter, but Hartford argues that the parties in the suits are not the same, that the same cause of action was not asserted in both cases, and that its "ability . . . to bring the declaratory judgment action in this case was explicitly and unambiguously preserved" in the circuit court action's settlement agreement. (Pl.'s Resp. and Mem. in Opp'n to Defs.' Mot. for Summ. J. 4–7, D.E. 23.)

The tort action before the circuit court was resolved through the entry of a consent judgment. The court's order finding that the parties' settlement agreement was fair and reasonable "approve[d]" it. (D.E. 20 ¶¶ 1–2.) In relevant part, the settlement agreement provided that

> [t]he Parties to this Agreement acknowledge that the release provided for herein shall not apply to the claims asserted by Hartford Casualty Insurance Company in the action styled Hartford Casualty Insurance Company v. Comanche Construction, Inc., Comanche Construction, Inc. of Georgia, and Seabright Insurance Company [sic], Dyer County Chancery Court No. 14-CV-319, it being

5

> agreed that Hartford Casualty Insurance Company's claims against these entities are preserved as set forth in the acknowledgement set forth [sic] below.
>
> . . . .
>
> Notwithstanding anything herein to the contrary, The Hartford Casualty Insurance Company, by the signature of its authorized representative hereinbelow, only acknowledges complete satisfaction of its subrogation lien . . . that arises from T.C.A. [sic] §[ ]50-6-112 and arising from benefits paid to or on behalf of Robert Blackwell on or before August 1, 2014[,] and set out and claimed in the Intervening Complaint and Notice of Subrogation Lien filed by The Hartford Casualty Insurance Company in the Circuit Court of Dyer County on May 3, 2010[,] in the case of *Andrea Blackwell, et al. v. V.H.P. Enterprises, Inc., et al.* under Civil Action Number 2009-CV-149. It is further understood and agreed that neither the satisfaction of said lien nor anything in this document shall operate to in any way prejudice the Complaint seeking declaratory relief filed by Hartford Casualty Insurance Company against Comanche Construction, Inc., Comanche Construction, Inc. of Georgia[,] and Seabright Insurance Company in the Chancery Court of Dyer County on July 31, 2014[,] under docket number 14-CV-319 or any of the claims made and asserted therein, whether in that forum or in any other.

(D.E. 23-1 at 9, 20.)

As Defendants properly note, the fact that a case was resolved through a consent judgment will not prevent it from operating as a final judgment on the merits, not only for the claims actually litigated, but also for those that could reasonably have been litigated. "[A]n agreed judgment of dismissal . . . is conclusive, not only on the matters actually raised and litigated, but it is also conclusive on every other matter that could have been litigated and decided as an incident to or essentially connected with the subject matter of the prior litigation." *Patton v. Estate of Upchurch*, 242 S.W.3d 781, 790 (Tenn. Ct. App. 2007) (quoting *Gerber v. Holcomb*, 219 S.W.3d 914, 917–18 (Tenn. Ct. App. 2006)) (internal quotation marks omitted). But Defendants are not correct in stating this as an absolute proposition. "*Generally*, a consent judgment operates as *res adjudicata* to the same extent as a judgment on the merits," *Gerber*, 219 S.W.3d at 917 (emphasis added) (citation omitted), but exceptions exist.

6

For res judicata purposes, one significant difference between consent judgments and judgments on the merits is that "[t]he extent to which a judgment or decree entered by consent is conclusive in a subsequent action should be governed by the intention of the parties as expressed in the agreement which is the basis of the judgment." *Long v. Kirby-Smith*, 292 S.W.2d 216, 220 (Tenn. Ct. App. 1956). In 2000, the Sixth Circuit held that this language accurately reflected Tennessee's law on res judicata. *See Agrolinz, Inc. v. Micro Flo Co.*, 202 F.3d 858, 861–62 (6th Cir. 2000) (quoting *Long*, 292 S.W.2d at 220). In 2010, the appellate court reached the same conclusion again. *See Calaway ex rel. Calaway v. Schucker*, 395 F. App'x 251, 255 (6th Cir. 2010). Barring some intervening change in state law or a significant reason to believe that the Tennessee Supreme Court would now reach a contrary conclusion, this Court is bound by the Sixth Circuit's determination of Tennessee law. *See Whitesell Corp. v. Whirlpool Corp.*, No. 1:05-CV-679, 2010 WL 1416855, at *1 (W.D. Mich. Apr. 1, 2010), *aff'd*, 496 F. App'x 551 (6th Cir. 2012). Defendants have not identified any alteration in Tennessee state law since *Calaway*, and no basis for departing from the case's holding is otherwise apparent.[2] The Court, therefore, is bound to apply the Sixth Circuit's determination of Tennessee res judicata law.

Even if this Court were not bound by *Calaway* and *Agronlinz*, however, it would still find that the parties' intention governs the preclusive effect of a consent judgment under Tennessee law. When determining state law, a "federal court should heed the decisions of the intermediate appellate state courts except where [it] is persuaded that the highest court of the

---

[2] The decisions Defendants rely on support, at most, the proposition that there is *generally* no difference in the preclusive effect of consent judgments as opposed to other types of judgments. None hold, however, that a consent judgment has preclusive effect over the parties' contrary intent. *See Lawlor v. SunTrust Mortgage, Inc.*, No. 3:13-CV-00387, 2013 WL 4431319, at *1 (M.D. Tenn. Aug. 15, 2013) (not considering the preclusive effect of a settlement or consent judgment); *Stewart v. Deutsche Bank Nat'l Trust Co.*, No. 3:08-CV-475, 2010 WL 4004670, at *2 (E.D. Tenn. Oct. 12, 2010) (same); *Hadley v. Inmon*, No. 3:04-CV-121, 2006 WL 141750, at *1–3 (E.D. Tenn. Jan. 18, 2006) (same); *Kershaw v. Fed. Land Bank of Louisville*, 556 F. Supp. 693, 697 (M.D. Tenn. 1983) ("It is clear from both the terms of the consent decree and the circumstances surrounding its formation that in the prior suit *the parties meant to settle the matter* which has now brought the plaintiffs into this Court." (emphasis added)).

state would not so decide, and the federal court may [also] consider applicable dicta of the state's highest court." *Pack v. Damon Corp.*, 434 F.3d 810, 818 (6th Cir. 2006) (citations omitted).[3] As noted above, the Tennessee Court of Appeals has found that the parties' intent governs the preclusive effect of consent judgments. *See Long*, 292 S.W.2d at 220. The Tennessee Supreme Court has also suggested, in dicta, that "the intention of the parties" determines whether a matter is precluded by a prior consent judgment. *Lindsay v. Allen*, 82 S.W. 171, 174 (Tenn. 1904). Moreover, Restatement (Second) of Judgments § 26(1)(a) (1982) provides that the general rule that a valid, final judgment will preclude a later action concerning the same subject matter does not apply when "[t]he parties have agreed in terms or in effect that the plaintiff may split his claim, or the defendant has acquiesced therein . . . ." While the Tennessee Supreme Court has never explicitly adopted or rejected this specific provision, it has generally cited § 26(1) with approval. *See Creech v. Addington*, 281 S.W.3d 363, 381–82 (Tenn. 2009). Accordingly, the Court finds that, if currently presented with the issue, the Tennessee Supreme Court would follow the approach taken in *Calaway*, *Agronlinz*, and *Long* and find that the parties' intent controls the preclusive effect of a consent judgment.

Under Tennessee law, the Court must determine the intention of parties to an agreement by "first look[ing] to the plain language of the contract and . . . ascertain[ing] and effectuat[ing] the parties' intent as reflected in that language." *West v. Shelby Cnty. Healthcare Corp.*, ___ S.W.3d ___, 2014 WL 7242746, at *6 (Tenn. 2014) (citing *Guiliano v. Cleo, Inc.*, 995 S.W.2d 88, 95 (Tenn. 1999)); *see also Pugh's Lawn Landscape Co. v. Jaycon Dev. Corp.*, 320 S.W.3d

---

[3] Although the opinions developing the methods for determining state law typically occur when courts sitting in diversity jurisdiction make judgments under *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938), the same general approach applies even though 28 U.S.C. § 1738, rather than *Erie*, governs the present issue. *See* 19 Charles Alan Wright, et al., *Federal Practice & Procedure: Jurisdiction* § 4507 (2d ed. 2014) ("[T]he principles now relevant when federal courts seek to ascertain the content of state law have been developed largely in diversity cases governed by the rule of *Erie*.").

252, 256 (Tenn. 2010) ("We have held that '[a] judgment by consent is in substance a contract of record made by the parties and approved by the court.'" (alteration in original) (quoting *Third Nat. Bank v. Scribner*, 370 S.W.2d 482, 486 (Tenn. 1963))). "If the . . . language is clear and unambiguous, the literal meaning . . . controls the dispute . . . ." *West*, 2014 WL 7242746, at *6 (citing *Maggart v. Almany Realtors, Inc.*, 259 S.W.3d 700, 704 (Tenn. 2008)). Only if some ambiguity exists will "other rules of contract construction" apply "to determine the parties' intent." *Id.* (citing *Dick Broad. Co., Inc. of Tenn. v. Oak Ridge FM, Inc.*, 395 S.W.3d 653, 659 (Tenn. 2013)).

Here, the Court need not look beyond the plain language of the settlement agreement to determine the parties' intent. The agreement specifically references this action in two separate provisions and states that nothing

> in this document shall operate to in any way prejudice the Complaint seeking declaratory relief filed by Hartford Casualty Insurance Company against Comanche Construction, Inc., Comanche Construction, Inc. of Georgia[,] and Seabright Insurance Company in the Chancery Court of Dyer County on July 31, 2014[,] under docket number 14-CV-319 or any of the claims made and asserted therein, whether in that forum or in any other.

(D.E. 23-1 at 9, 20.) The settlement agreement therefore plainly contemplates that the entry of judgment in the circuit court case would not operate to bar the present suit—it specifically states that the settlement would not "in any way prejudice" Plaintiffs' ability to litigate this case.

Defendants insist, however, that res judicata is an affirmative defense and that the agreement did not "waive[] any defenses available to them in this matter." (D.E. 26 at 6.) This line of reasoning misses the point and, therefore, the mark. If the consent judgment gave rise to res judicata, the settlement agreement would prejudice Plaintiff in seeking declaratory relief. The basis of Defendants' motion is that the consent judgement, which approved the agreement

9

specifically providing that no prejudice would occur, bars the declaratory relief action.[4] By attempting to create a carve-out for "defenses," Defendants argue, in a roundabout fashion, that res judicata does not qualify as "prejudice" under the agreement. But to maintain that preclusion of a party's claim does not constitute prejudice stretches plausible interpretation past its breaking point. Preclusion would, by definition, prevent Plaintiff from obtaining the relief it seeks. The plain language of the settlement agreement leaves room for only one conclusion, then, that the parties did not intend for the consent judgment to preclude this action.[5] Res judicata, therefore, does not apply.

## IV.     Conclusion

For the reasons stated above, Defendant's motion for summary judgment is DENIED.

IT IS SO ORDERED this 15th day of April 2015.


                                                     s/ J. DANIEL BREEN
                                                    CHIEF UNITED STATES DISTRICT JUDGE

---

[4] To be clear, it is not necessary to the outcome that the consent judgment incorporated the settlement agreement. *Long* states that the parties' intent regarding preclusion can be determined by reference to "*the agreement which is the basis* of the judgment . . . ." *Long*, 292 S.W.2d at 220 (emphasis added). The fact that the circuit court specifically approved the document, however, only further erodes Defendants' position that its judgment bars this action.

[5] To support its position that they did not waive a res judicata defense by executing the agreement, Defendants cite only to *In re Holcomb Health Care Servs., LLC*, No. 01-04329, 2007 WL 5595436 (Bankr. M.D. Tenn. Mar. 15, 2007). They rely on the sole proposition that "[i]f the language [of the agreement is] clear and unambiguous, the literal meaning controls the outcome of the dispute." *Id.* at *3. The Court notes that this is the exact principle it has applied in reaching the decision.